IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL REDDING,

    Plaintiff,

v.                                                        CASE NO. 4:14-cv-49-RH-GRJ

MAMORAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion to Dismiss. (Doc. 17.) Plaintiff, an inmate in the custody of the Florida Department of Corrections, who is proceeding *pro se* in this 42 U.S.C. § 1983 case, has filed a response in opposition to Defendant's motion. (Doc. 18.) For the reasons discussed below, it is recommended that Defendant's motion to dismiss is due to be granted and Plaintiff's complaint should be dismissed because Plaintiff failed to properly exhaust his claims and because Plaintiff has failed to state a claim upon which relief can be granted.

### I. ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, an inmate incarcerated at Northwest Florida Reception Center ("NWFRC") at the time of filing, states that during the first half of January, Defendant called him to D-1 Dorm Sally Port. (Doc. 4 at 5.) Plaintiff states that Defendant told him that "he doesn't like writ-writers" and alleges that Defendant threatened to place him in confinement in J-Dorm, inflict bodily harm on him, and mace him if he wrote another grievance. (Doc. 4 at 5.) Plaintiff also alleges that Defendant retaliated against Plaintiff

by locking him up in confinement for writing a grievance. (Doc. 4 at 5.) He states that Defendant put him in handcuffs and ordered Officer Hall to take Plaintiff to confinement. (Doc. 4 at 5.) Plaintiff also states that the next week, Defendant attended nursing rounds and gave him a "hard stare" when he approached Plaintiff's cell. (Doc. 4 at 5.)

Plaintiff claims that he lives in fear of his personal safety and is under emotional stress. (Doc. 4 at 5.) He requests that the Court award him damages for emotional distress, press criminal charges against Defendant, and that the Department terminate Defendant. (Doc. 4 at 5.)

## II. STANDARD OF REVIEW

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before proceeding in federal court. 42 U.S.C. § 1997e ("[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner...until such administrative remedies as available are exhausted."). The exhaustion provision is a mandatory precondition to bringing suit in federal court. *Jones v. Bock,* 549 U.S. 199, 211 (2002).

For the exhaustion requirement to be met under the PLRA, the prisoner must "[properly] exhaust all available remedies" prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To properly exhaust all remedies, the prisoner must "take each step within the administrative process" and "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002).

The Florida Administrative Code delineates procedures for inmates to file a grievance against their prison or one of its officials. The inmate must first file an informal grievance.[1] R. 33-103.005, Fla. Adm. Code. The recipient must either approve, deny, or return the grievance without action within 10 days, along with a statement of reasons supporting the decision.  R. 33-103.011(3)(a), Fla. Adm. Code. If the inmate is dissatisfied with the response, he may escalate the process by filing a formal grievance at the institutional level within 15 days of receiving the response. R. 33-103.006, Fla. Adm. Code.  If the inmate is then dissatisfied with the response to the formal grievance, he may file an administrative appeal to the Office of the Secretary within 15 days of the date of the response to the formal grievance.  R. 33-103.007, R. 33-103.011(1)(c), Fla. Adm. Code.

An inmate need only exhaust "available" administrative remedies before filing suit in federal court.  An available remedy is one that "must be capable of use for the accomplishment of its purpose."  *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008). Serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance will make the administrative remedy unavailable if (1) the threat actually deterred the inmate from lodging a grievance or pursing a particular part of the process and (2) the threat would deter a reasonable inmate of ordinary

---

[1]The grievance process must always be initiated by the filing of an informal grievance, unless the type of grievance is a grievance of reprisal, emergency grievance, grievance of disciplinary action, grievance involving inmate bank issues, medical grievance, grievance involving gain time, grievance challenging placement, grievance alleging violation of the Americans with Disabilities Act, grievances involving the return of incoming mail, and grievances alleging sexual abuse.  In those instances, the inmate may skip the informal grievance step and immediately file a formal grievance at the institutional level.  R. 33-103.006, Fla. Adm. Code.

*Case No: 4:14-cv-49-RH-GRJ*

firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust. *Id.* at 1085. Notably, however, more than a "mere threat" is normally required to successfully excuse a plaintiff's failure to exhaust administrative remedies. *Porter v. Baxter*, 2012 WL 684803, at *4 (N.D. Fl. January 30, 2012).[2] An inmate must generally allege both threats of retaliation as well as the use of physical force in response to filing of grievances. *Id.*

Additionally, when a defendant raises the issue of failure to exhaust in the context of an inmate's 42 U.S.C. § 1983 action, it is treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008). The Court uses a two part procedure to determine whether a plaintiff has failed to exhaust his remedies. First, the Court must review the defendants' factual allegations along with those contained in the plaintiff's response, construing conflicting facts in the light most favorable to the plaintiff. If, after reviewing these facts, the defendant is entitled to have the complaint dismissed, it will be dismissed. *Turner*, 541 F.3d at 1082. However, if the complaint is not subject to dismissal, the court must make findings of fact necessary to resolve the exhaustion issue. *Id.*

## B. Failure to State a Claim

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot

---

[2]Pursuant to 11th Cir. Rule 36-1, unpublished opinions are not binding precedent but may be cited as persuasive authority.

satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 681-85 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### III. DISCUSSION

### A. Plaintiff Failed to Exhaust his Administrative Remedies

Defendant argues that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. Plaintiff provided the original complaint to prison officials for mailing on January 21, 2014, and the Court opened his case on January 24, 2014. (Doc. 1 at 1). Defendant's motion and attached documents show that Plaintiff failed to exhaust his administrative remedies prior to filing this case.

Plaintiff filed two grievances against Defendant concerning the verbal threats and confinement: (1) an informal grievance signed by Plaintiff on January 18, 2014, and received on January 21, 2014, and (2) a formal grievance signed by Plaintiff on February 19, 2014, and received on February 19, 2014. Thus, based upon the filing dates on these grievances it is apparent that Plaintiff failed to completely exhaust his

administrative remedies *prior* to opening the instant case.  *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("[W]hen a state provides a grievance procedure for its prisoners, [...] an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a §1983 lawsuit.").

In this case, Plaintiff started the grievance process before filing suit, but failed to entirely complete it.  In order to completely exhaust his administrative remedies, Plaintiff was required to wait for a response to his informal grievance and then if dissatisfied with the response, he would be required to file a formal grievance. Finally, if Plaintiff was dissatisfied with that result he would then be required to file an administrative appeal. *See* Fla. Adm. Code R. 33-103. All of these steps had to be completed prior to filing suit. While Plaintiff filed an informal grievance before the filing of this action he, nonetheless, failed to complete the remainder of the process. *See Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008)("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'")(quoting *Johnson*, 418 F.3d at 1158.).  Accordingly, Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

To the extent that Plaintiff suggests that the grievance process was not available to him due to Defendant's threats, Plaintiff's argument must also fail.  A prison official's threats can make an administrative remedy unavailable if the threat actually deters the plaintiff from pursuing a part of the process, and the threat is one that would deter a reasonable inmate from pursuing a part of the process.  *Turner*, 541 F.3d at 1085.  A "mere threat" is usually not enough to make an administrative remedy unavailable -

generally both a threat of retaliation and the use of physical force are required. *Porter*, 2012 WL 684803, at *4; *Poole v. Rich*, 2007 WL 2238831, at *3 (S.D.Ga. Aug. 1, 2007) ("[T]he exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beatened if he complained."). While Plaintiff claims that Defendant threatened to mace him or inflict bodily harm upon him if he continued to file grievances, Plaintiff does not allege that Defendant used physical force against him at any point. (Docs. 4, 18.) And although Plaintiff was placed in confinement, Plaintiff's factual assertions do not show that this confinement actually deterred him from accessing the administrative process, nor do they demonstrate that this confinement would deter a reasonable inmate from pursuing his administrative remedies. *See Turner,* 541 F.3d at 1085; *see also Sauder v. Green*, 2011 WL 3608646 at *3 (N.D.Fl. 2011)(where any attempt by inmate to file a grievance from disciplinary confinement would have been a direct threat to his life). Even assessing the facts in the most favorable light to Plaintiff, Plaintiff's confinement does not show substantial retaliation that would render his administrative remedies unavailable. *See Turner*, 541, F.3d 1077 at 1085. Thus, there is no reason to excuse the requirement that Plaintiff exhaust his remedies before suit is filed.

Further, to the extent that Plaintiff suggests in his response, Doc. 18, that he attempted to exhaust his administrative remedies, but was unable to do so because his grievances were either shredded or thrown in the trash, his argument fails. When deciding a motion to dismiss for failure to exhaust administrative remedies, the Court must take the Plaintiff's version of the factual allegations as true if the Defendant's and Plaintiff's allegations conflict. *Turner*, 541 F.3d at 1082. Although Plaintiff

*Case No: 4:14-cv-49-RH-GRJ*

conclusionally claims that he filed grievances to exhaust his administrative remedies and that the administration either threw them away or shredded them, he has provided no supporting evidence to show that his allegation is anything more than mere speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)(stating that a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."). To the contrary, Defendant's exhibits to the motion to dismiss demonstrate that the grievances recently filed by Plaintiff were not disposed of and indeed were received by the proper officials, thus undermining any claim that Plaintiff's grievances were shredded or thrown away. (Doc. 17 p. 17-32.) And according to the records filed by Defendant, there is no record of grievances filed by Plaintiff prior to January 21, 2014. (Doc. 17 p. 17-32.) In sum, Plaintiff has not shown that administrative remedies were unavailable to him and, therefore, the motion to dismiss should be granted.

## B. Plaintiff Fails to State a Claim for which Relief May be Granted

To adequately state a claim for relief under 42 U.S.C. § 1983, Plaintiff must plead facts that support a claim that an official acting under state law deprived him of a protected constitutional right. In his complaint, Plaintiff claims that Defendant's actions violated his Fourth, Eighth, and Fourteenth Amendment rights. Because there is no arguable basis to support a Fourth Amendment claim based upon the facts plead by Plaintiff, the Court will focus on Plaintiff's Eighth and Fourteenth Amendment claims.

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim for damages under a § 1983 action, Plaintiff must show: (1) a condition of confinement that inflicted unnecessary pain or

suffering, (2) the defendant's deliberate indifference to that condition, and (3) causation. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11 th Cir. 1993).

Plaintiff alleges that Defendant threatened him several times, including threatening to mace him, threatening to lock him up, and giving him a "hard stare." Verbal abuse, alone, is insufficient to establish a violation of the Eighth Amendment. *Hernandez v. Florida Dept. Of Corrections*, 281 F. App'x 862, 866 (11th Cir. 2008). Thus, Plaintiff's allegations that Defendant threatened him do not create a constitutional claim unless Defendant actually carried out these threats. Plaintiff has not claimed that Defendant actually performed any of these actions, and thus his claims of verbal threats are not actionable under § 1983.

Furthermore, Plaintiff alleges that Defendant placed him in confinement in violation of the Eighth Amendment. To constitute a violation of the Eighth Amendment, the condition of confinement must be cruel and unusual based on the "evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399 (1981). Confinement, including solitary confinement, is not a *per se* unconstitutional form of punishment. *Krist v. Smith*, 309 F. Supp. 497, 500 (S.D. Ga. 1970). Plaintiff does not provide any facts suggesting that the conditions of his confinement were sufficiently cruel and unusual as to constitute a violation of the Eighth Amendment. Thus, Plaintiff has failed to make a claim that the simple fact he was confined violated his rights under the Eighth Amendment.

To the extent that Plaintiff claims that the confinement violates his Fourteenth Amendment right to due process, his claim must also fail. The Due Process Clause of

the Fourteenth Amendment does not afford Plaintiff a protected liberty interest in remaining free from disciplinary segregation. *Sandin v. Conner*, 515 U.S. 472 (1995). Thus, simply because Plaintiff was placed in confinement is not a violation of his due process rights.

Plaintiff also alleges that the disciplinary charge that led to his confinement was false. (Doc. 4 at 5.) A claim, however, that a disciplinary report was false or retaliatory does not state a cognizable claim for relief if the inmate was found guilty of the violation after being afforded the appropriate due process protections. *See O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011); *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Because Plaintiff has not raised facts suggesting a lack of adequate due process with regard to his disciplinary charge – but only that the charge was false -- he cannot state a cause of action for retaliation with regard to the disciplinary charge.

Finally, Plaintiff requests injunctive relief by requesting that the Court order the Department of Corrections to terminate Defendant and file criminal charges against him. (Doc. 4 at 5.) The Court cannot do so for at least two reasons, First, the Court has no authority to order the termination of an employee or the authority to direct the Department to pursue criminal charges against an employee. Secondly, even if the Court was able to do so, Plaintiff is not entitled to injunctive relief regarding the Defendant because Plaintiff has been transferred from the NWFRC Annex in Chipley, Florida to the Reception and Medical Center, West Unit in Lake Butler, Florida. (Doc. 19.) A prisoner's transfer or release from a jail moots any claim for injunctive relief relating to employees at the facility. *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). Thus, to the extent that Plaintiff could bring claims for

injunctive relief against Defendant the claims are now moot.

Accordingly, even assuming Plaintiff had exhausted his administrative remedies, Plaintiff has still failed to state a cognizable claim for a violation of his constitutional rights under § 1983.  The Complaint, therefore, must be dismissed.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (Doc. 17) should be **GRANTED**.

**IN CHAMBERS** this 8th day of September 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.